UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  | Case No. 25-CV-11271-JEB |
|---|---|
| ) | Chapter 7 |
| IN RE ) | |
| CHARLES NORTON ) | |
| Debtor ) | |
| ) | |

**REPLY OF NON-DEBTOR SPOUSE JANE NORTON TO RESPONSE OF TRUSTEE AND OPPOSITION FROM CREDITOR CORNERTONE BANK TO MOTION FOR RELIEF FROM**
<u>**AUTOMATIC STAY PURSUANT TO § 362(d)(1)**</u>

Jane E. Norton ("Ms. Norton"), as the non-debtor spouse of the Debtor, Charles Norton (the "Debtor" or "Mr. Norton") hereby replies to the response of the Trustee Gary W. Cruickshank ("the Trustee") to her Motion for Relief from Automatic Stay Pursuant to § 362(d)(1) and the Opposition of Creditor Cornerstone Bank ("Cornerstone").

<u>ARGUMENT</u>

Both the Trustee and Cornerstone oppose Ms. Norton's motion on the basis that this Court is the proper forum for the division of assets between her and the Debtor Charles F. Norton ("Mr. Norton"), and that the Trustee has the power to void the transfers between the spouses. This is simply incorrect given the holding in *In Re Perry*, 131 B.R. 763 (1991).

In *Perry*, much like this matter, the Perrys started their divorce proceeding in earlier 1990, and then Mr. Perry filed for bankruptcy protection later on in 1990. *Id.* This Court was faced with the decision of "whether Mrs. Perry's rights under the Massachusetts statute should be adjudicated by the Probate Court or by this court." *Perry* at 770. After a careful analysis, this Court reasoned that Mrs. Perry's rights were best served by adjudication in the Probate Court – and this court should do the same for Ms. Norton.

1

### A. The Probate Court is a Better Forum for the Norton's Divorce Than Bankruptcy Court.

The Probate Court is a better forum for the Norton's divorce than the Bankruptcy Court. This is because the *Perry* court reasoned that Mrs. Perry's property rights could not be separated from her alimony rights. *Id.* This court recognized that the Mass. divorce statute required that the same factors be considered with respect to both. This Court recognized that it was not the proper forum to determine how to fix the amount of periodic alimony or child support. As the *Perry* Court recognized, if the Probate Court is permitted to determine only alimony, however, it cannot do so in any intelligent way without knowing what portion, if any, of the Debtor's property is to be transferred to Mrs. Perry. This Court noted that "[t]he Probate Court, moreover, does have greater expertise in these matters." *Id.*

The *Perry* Court recognized the "compelling" rights of the non-debtor spouse with respect to the vehicle she drove and the farm where she and the two children lived. *Id.* Similarly, with Ms. Norton, the two homes she now holds title to are primarily the only assets she has coming out of the divorce given the bankruptcy. Ms. Norton is 71 years old and is unexpectedly facing a significant financial downfall in her life with the bankruptcy of her husband. The Probate Court should adjudicate her property rights.

The Probate Court should also determine Ms. Norton's alimony because this requires the same considerations under the same statute, notwithstanding that the Debtor's earnings are property of the estate. *Id.; see* 11 U.S.C. § 1306(a)(2) (1988). This leaves the question of which court should adjudicate Ms. Norton's rights in the two properties. Because both these properties were transferred under an agreement reached within the pending divorce, this Court should permit the Probate Court to adjudicate these rights as well. *Id.* at 770.

2

Similarly, in *In re Skorich (Skorich I)*, 332 B.R. 77 (2005), the non-debtor spouse filed a motion in the bankruptcy court shortly thereafter to enforce a final divorce decree of a prior pending divorce matter. The bankruptcy court ruled that legal title to the sale proceeds had passed from the debtor and the non-debtor spouse to their attorneys when the funds were placed in escrow. *In re Skorich (Skorich I)*, 332 B.R. 77, 78 (2005). Accordingly, the escrow funds did not pass into the debtor's bankruptcy estate upon the filing of his bankruptcy petition, and they were not subject to administration by the Trustee. *Id.* at *4.

Here, the two property transfers were done during the pendency of the Norton's divorce, and the Probate Court should be the forum where those property transfers are ratified.

**B.    Ms. Norton's Interests in the Properties Would Survive a § 544(a) Attack.**

Ms. Norton's interests in the properties would survive a §544(a) attack for the same reasons that this Court concluded Mrs. Perry's would. *Perry*, at 769. The *Perry* Court noted it had analyzed at some length the ability of a constructive trust beneficiary to prevail against the strong-arm powers. *Id.* citing *In re Mill Concepts Corp.,* 123 Bankr. 938, 940-947 (Bankr. D. Mass. 1991). There, this Court held that under § 544(a)(3) the estate representative's rights as a *bona fide* purchaser of real property were limited to avoiding transfers of real property made by a debtor, so they had no application to property retained by a debtor subject to constructive trust. *Id.* This court came to this conclusion based upon the wording of the statute, its legislative and judicial history, its purpose, and the consistency thereby wrought between § 544(a)(3) and the design under § 541(d) to preserve constructive trust interests in bankruptcy. *Id.* This Court noted the same reasoning applied to Mrs. Perry's equitable interests, and thus, it should also apply to Ms. Norton's interests.

3

The trustee's rights under § 544(a)(1) and (2) as a judicial lien or judgment creditor are also junior to such equitable interests. *E.g., N.S. Garrott & Sons v. Union Planters Nat'l Bank (In re Garrott & Sons, Inc.),* 772 F.2d 462, 467 (8th Cir. 1985) (constructive trust for the benefit of mortgagee imposed upon escrow fund needed to pay mortgage); *City Nat'l Bank of Miami v. General Coffee Corp. (In re General Coffee Corp.),* 828 F.2d 699, 706 (11th Cir. 1987), *cert. denied, General Coffee Corp. v. City Nat'l Bank,* 485 U.S. 1007, 99 L. Ed. 2d 699, 108 S. Ct. 1470 (1988) (constructive trust imposed upon inventory in favor of bank defrauded of funds used to purchase inventory); *Vineyard v. McKenzie (In re Quality Holstein Leasing),* 752 F.2d 1009, 1012 (5th Cir. 1985) (priority of rights of constructive trust beneficiary over strong-arm powers affirmed in principle); *Automatic Canteen Co. v. Wharton (In re Continental Vending Machine Corp.),* 358 F.2d 587 (2d Cir. 1966) (constructive trust declared in debtor's proceeds from sale of property previously received by debtor through fraudulent transfer); *Shipley Co., Inc. v. Darr (In re Tap, Inc.),* 52 Bankr. 271 (Bankr. D. Mass. 1985) (funds of debtor operating payroll service impressed with trust for benefit of customer's payroll); *In re Jeandros Dye & Print Works, Inc.,* 22 F. Supp. 26 (D. Mass. 1938) (rescission of discharge of chattel mortgage permitted against trustee on ground of mistake; only good faith purchasers can defeat rescission rights under Massachusetts law); *Restatement of Restitution* § 173 (1937) (beneficiary of constructive trust has priority over creditor who obtains judicial lien without knowledge of circumstances creating trust).

Some of the decisions limiting a non-debtor spouse's rights to an unsecured claim do so in part because of the strong-arm powers of the estate representative, particularly the powers of a bona fide purchaser of real property. *See, e.g., In re Bible,* 110 Bankr. 1002, 1010 (Bankr. S.D.

4

Ga. 1990); *In re Elrod,* 91 Bankr. 187, 189 (Bankr. M.D. Ga. 1988); *In re Fisher,* 67 Bankr. 666, 669 (Bankr. D. Colo. 1986). This Court disagreed with those decisions. *Perry*, at 769. Other decisions protected the non-debtor spouse's rights on the assumption that they were property interests recognizable in bankruptcy, without analysis of the property interests or why they were not a claim. *See, e.g., In re Levine,* 84 Bankr. 22 (Bankr. S.D.N.Y. 1988); *In re Baker,* 75 Bankr. 120 (Bankr. D. Del. 1987). This Court acknowledged that these latter decisions arrived at the same result it did, but albeit by a different route. *Id.* at 769-770.

Last, as the *Skorich* matter recognized, the Trustee cannot forge ahead on an avoidance action because Ms. Norton was not a "creditor" and because she did not have a "claim" against the bankruptcy estate or the debtor's interest in the homes at the time that they were transferred. *Ford v. Skorich* (*Skorich II*), 337 B.R. 441, 447 (2006). The bankruptcy court in *Skorich* found that the transfer of the sale proceeds into escrow "*was not on account of a debt, antecedent or otherwise.*" *Id.* It was due to the divorse, and accordingly, the bankruptcy court granted summary judgment to the non-debtor spouse because the transfer could not be avoided as a preference under § 547(b).

In the matter at hand, the result can be no different. Ms. Norton is not a "creditor" of Mr. Norton, nor does she or did she have a "claim" against the bankruptcy estate. Additionally, the transfers to Ms. Norton of the Falmouth and Dover properties in April 2025 are not preferential transfers because they were "*not on account of a debt, antecedent or otherwise.*" *Ford v. Skorich* (*Skorich II*), 337 B.R. 441, 447 (2006). The transfers of the Dover and Falmouth properties were done in accordance with the settlement agreement reached among the parties in *Dempsey-Norton v. Norton,* Norfolk Probate Ct, No. NO23D0541DR.

WHEREFORE, Ms. Norton respectfully requests that this Court enter an Order providing relief from the automatic stay to allow her to finalize her divorce action in the Norfolk Probate & Family Court at *Dempsey-Norton v. Norton,* Norfolk Probate Ct, No. NO23D0541DR.

Respectfully Submitted,
**JANE E. NORTON**
By her attorney,

*/s/ Ryan C. Siden*
Ryan C. Siden, Esq.
B.B.O. #646138
Email: rsiden@sidenlaw.com
Siden & Associates, P.C.
100 Cummings Center, Suite 220-B
Beverly, MA 01915
Tel. No. 617-423-5999

Date:   October 22, 2025

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was sent by electronic mail to all those entitled to PACER notification and by first class mail, postage prepaid on October 22, 2025, to those listed below:

| | |
|---|---|
| Office of the United States Trustee | Gary W. Cruickshank, Esq. |
| J.W. McCormack Post Office and Courthouse | Gary W. Cruickshank, Trustee |
| 5 Post Office Square, 10th Floor, Suite 1000 | 101 Federal Street, Suite 1900 |
| Boston, MA 02109 | Boston, MA 02110 |

Herbert Weinberg, Esquire
Rosenberg & Weinberg 805 Turnpike Street, Suite 201
North Andover, MA 01845
hweinberg@jrhwlaw.com

*/s/ Ryan C. Siden*
Ryan C. Siden

6