**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | Chapter 7 |
| CHARLES NORTON, | Case No. 25-11271 (JEB) |
| Debtors. | |

### NOTICE OF PROPOSED ORDER APPROVING INTENDED PRIVATE SALE

PLEASE TAKE NOTICE that on June 30, 2026, a hearing was held on the *Motion of Chapter 7 Trustee for Order Authorizing and Approving Intended Private Sale of Various Membership Interests Owned by the Debtor* (the "Sale Motion") [D.N. 259].  There is a resolution of the objections by CBS FS, LLC and The Fuller Foundation by the Buyer agreeing to (1) exclude from the sale, without any change in the proposed purchase price, the Debtor's membership interests in SBC Energy LLC, and (2) acquiring the Debtor's membership interest in Wellesley Front, LLC subject to the existing Wellesley Front, LLC operating agreement, which shall not be modified.  The resolution with CBS FS, LLC and The Fuller Foundation is encompassed in the attached proposed form of order approving the sale.  The Proposed Order was circulated to the Trustee and counsel for the objecting parties and the Debtor.

A copy of the Proposed Order has been submitted in Word format to jeb@mab.uscourts.gov.

DATED: July 2, 2026

> */s/ Gary W. Cruickshank* .
> Gary W. Cruickshank (BBO #107600)
> 101 Federal Street, Suite 1900
> Boston, Massachusetts 02110
> (617) 330-1960
> gwc@cruickshank-law.com

## <u>EXHIBIT A</u>

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | Chapter 7 |
| CHARLES NORTON, | Case No. 25-11271 (JEB) |
| Debtors. | |

**ORDER APPROVING INTENDED PRIVATE SALE OF**
**VARIOUS MEMBERSHP INTERESTS OWNED BY THE DEBTOR**

Upon the motion of Gary W. Cruickshank, Trustee ("**Trustee**") for an Order authorizing

the Trustee to sell various membership interests (the "**Membership Interests**") described in the

Motion of Chapter 7 Trustee for Order Authorizing and Approving Intended Private Sale of

Various Membership Interests Owned by the Debtor [D.N. 259], as modified at the hearing on

June 20, 2026 (the "**Sale Motion**"), to Lundgren Equity Partners, LLC or its nominee, YC

Southbridge, LLC ("**YC Southbridge**"), and this Court having determined that the relief

requested in the Sale Motion is in the best interests of the Debtor's estate and creditors, and other

parties-in-interest; two objections having been filed solely regarding the sale of the Debtor's

membership interests in Wellesley Front, LLC ("**WF**") and SBC Energy, LLC ("**SBC**") with

such objections being withdrawn by YC Southbridge agreeing to (1) exclude from the sale,

without any change in the proposed purchase price, the Debtor's SBC membership interests, and

(2) acquiring the Debtor's membership interest in WF subject to the existing WF operating

agreement (the "**WF Operating Agreement**") which, notwithstanding anything in the Sale

Motion, shall not be modified by this order or the sale; and addressing the court's concern by

replacing Section 9.3(d) (viii) and (ix) of the APA (defined below) annexed to and incorporated

into the Sale Motion with the annexed Joinder and Consent Agreement as to the Membership

Interests listed thereon and annexed hereto as Exhibit "A", (the "**Consent Agreement**"); and

with all other Membership Interests but the membership interests in SBC consisting the membership interests subject to the Sale Motion but without any modification imposed by section 9.3(d) (viii) or (ix) of the APA, (the "**Purchased Assets**") and with no additional bids having been timely submitted, and good and sufficient cause appearing therefore; and adequate notice having been given and a continued hearing having been held on June 30, 2026 (the "**Sale Hearing**") with all respective counsel present; and it appearing that no other notice need be given; and this Court having reviewed and considered the Sale Motion and the disposition of the objections presented at the Sale Hearing; and this Court having heard statements of Trustee presented in support of the relief requested in the Sale Motion at the Sale Hearing; and upon the full record of the chapter 7 case, and good cause otherwise having been shown for the relief requested, THE COURT HEREBY FINDS:

A.      This Court, pursuant to 28 U.S.C. § 1334, has jurisdiction over the assets of the Debtor's estate.  The Sale Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      As no counteroffers have been received, YC Southbridge, LLC is the successful bidder (the "**Buyer**") with respect to the sale of the Debtor's assets pursuant to the Sale Motion for the aggregate sum of $35,000.00 (the "**Purchase Price**").

C.      The Asset Purchase Agreement dated March 6, 2026 between the Trustee and the Buyer (along with its exhibits) attached to and incorporated in the Sale Motion, as modified by this order (the "**APA**"), is offered in good faith, from arm's-length bargaining positions by the parties.

2

D. The Purchased Assets shall be all right, title and interest of the Debtor in and to the Membership Interests as set forth in Sections 1.1, 1.4(a) through (e) and the APA as modified to exclude the membership interests in SBC.

E. The APA shall be modified to replace Sections 9.3(d) (viii) and (ix) by the annexed Joinder and Consent Agreement (the "**Purchased Assets**").

F. The Trustee provided notice of the sale transaction and served the Sale Notice on all creditors of the Debtor. The Purchase Price represents and constitutes the highest and best offer obtainable for the Purchased Assets, and constitutes reasonably equivalent value, fair consideration and fair value under the Bankruptcy Code and any applicable nonbankruptcy laws. The Trustee's determination that the Purchase Price constitutes the highest and best offer for the Purchased Assets and constitutes a valid and sound exercise of the Trustee's business judgment.

G. The Trustee has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to sections 363 of the Bankruptcy Code.

H. The Sale Motion must be approved promptly in order to preserve the value of the Purchased Assets. The Sale Motion presents the best opportunity to realize the value of the Purchased Assets and avoid further decline and devaluation of the Purchased Assets.

I. The Buyer has acted in good faith in this matter and is a good faith purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code. The Trustee and the Buyer have not engaged in any conduct that would cause or permit the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

The Buyer is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code).

J.      With respect to any and all Persons (as that term is defined in section 101(41) of the Bankruptcy Code), Governmental Units (as that term is defined in section 101(27) of the Bankruptcy Code), or entities asserting any encumbrance against the Purchased Assets on account of claims against the Debtor (collectively, the "**Encumbrance Parties**"), (i) applicable non-bankruptcy law permits sale of Purchased Assets free and clear of such Encumbrance Parties; (ii) each of the Encumbrance Parties have deemed to have consented to the sale and transfer as applicable, free and clear of its Encumbrance, with such lien or interest of the Encumbrance Parties to attach to the sale proceeds, subject to any claims and defenses the Trustee may possess with respect thereto; or (iii) the Encumbrance Parties could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such lien so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied.  None of the Encumbrance Parties on the Purchased Assets, if any, filed any objection to the Sale Motion and the Encumbrance Parties are deemed to have consented to the Sale Motion pertaining to the Purchased Assets pursuant to section 363(f)(2) of the Bankruptcy Code.  The Encumbrance Parties fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and, therefore, are adequately protected by having their liens on the Purchased Assets attach solely to the proceeds of the sale transaction ultimately attributable to the sale of the Purchased Assets in which such holders have a Lien, in the same order of priority, and with the same validity, force and effect that such Liens had prior to the consummation of the sale transaction, subject to any rights, claims or defenses of the Trustee and the Debtors estates.

K.      The Trustee has full power and authority to execute and deliver the Purchased Assets and all other documents contemplated thereby, and no further consents or approvals are required for the Trustee to consummate the transactions contemplated by the Sale Motion, as modified.  The transfer of each of the Purchased Assets to the Buyer will be as of the closing date a legal, valid, and effective transfer of such Purchased Assets, and shall vest the Buyer with all right and title to the Purchased Assets free and clear of all liens and encumbrances of the Encumbrance Parties.

L.      Under all the circumstances presented (i) all actions contemplated in the Sale Motion (ii) consummation of all acts contemplated in this Order, (iii) the transfer of the Purchased Assets by the Trustee to the Buyer, and (iv) the receipt by the Trustee of the Purchase Price are all in the best interests of the Debtor's estate, and its creditors.

M.      Proper, sufficient, and sound business reasons and other good cause for the entry of this Order have been shown.

N.      The Trustee has given due and proper notice of the proposed sale of the Purchased Assets to all parties required to receive notice as set forth in the Sale Motion.  A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Purchased Assets, has been afforded to all interested parties and entities.

O.      The closing and the consummation of the transactions contemplated by the Sale Motion shall not subject the Buyer to any liability whatsoever with respect to the prepetition or post-petition operation or management of any of the businesses for which the Purchase Assets hold a membership interest (collectively, the "**Businesses**").  The transactions contemplated by the Sale Motion do not amount to a consolidation, merger, or *de facto* merger of the Buyer and

the Businesses, there is no continuity of enterprise between the Business and the Buyer, the

Buyer is not a mere continuation of the Businesses, and the Buyer does not constitute a successor

to the Business.

Q.      P.      The Buyer's acquisition of the Purchased Assets shall be free and clear of any

"successor liability" claims of any nature whatsoever, whether known or unknown and whether

asserted or unasserted as of the closing date.  The Buyer's use of the Purchased Assets acquired

from the Trustee shall not be deemed a continuation of the Debtor's management or operation of

the Businesses.

Q.      In order to maximize the value of the Purchased Assets, it is essential that the sale

of the Purchased Assets occur as expeditiously as possible.  Accordingly, the Court finds that

there is cause to waive and/or vacate the stay imposed by Bankruptcy Rules 6004(h) and

6006(d), and such stay is hereby vacated and shall have no application to the relief afforded by

this Order.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C.

§ 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary

under Bankruptcy Rules 9014 and 7054, the Court expressly finds that there is no just reason for

delay in the implementation of this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Sale Motion is hereby granted as set forth herein.  The objections solely as to

the sale of the membership interests in WF and SBC have been addressed by this order as

follows: (a) the Debtor's membership interests in SBC are excluded from the Purchased Assets

without any change to the purchase price; and (b) the sale of the Debtor's membership interests

in WF is subject to the WF Operating Agreement which, notwithstanding anything in the Sale

Motion, shall not be modified by this order or the sale.

6

2.      The APA annexed to the Sale Motion is hereby approved, as modified; the Purchased Assets are hereby sold to the Buyer.

3.      After closing, the Trustee shall cooperate with and make available or instruct the Debtor to make available to the Buyer all books, records and other materials as may exist and be reasonably required regarding the Purchased Assets.

4.      The Trustee is hereby authorized, empowered, directed and, upon entry of this Order, has all the power and authority necessary to:

a.      Fully perform under, consummate, implement, execute, and consummate the transactions contemplated by the Sale Motion and to take all other actions required to be taken pursuant to the APA, as modified;

b.      Transfer the Purchased Assets to the Buyer and to execute and deliver or instruct the Debtor to deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to the Buyer;

c.      Receive the consideration described in the Sale Motion from the Buyer and take any action necessary to effectuate the receipt of such consideration; and

5.      No other or further consents or approvals of this Court are required for the Trustee to consummate or effectuate (i) the Sale Motion (ii) the transfer of the Purchased Assets and (iii) the receipt of consideration from the Buyer.

6.      The transfer of each of the Purchased Assets to the Buyer will be as of the closing date a legal, valid, and effective transfer of such Purchased Assets and shall vest the Buyer with all right and title to the Purchased Assets.  Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Buyer, and, upon the closing under the Sale Motion, as modified, the Purchased Assets shall be free and clear of any and all items, claims and encumbrances of any kind or nature (the "**Encumbrances**"), liabilities, and interests, including, without limitation, all claims against the Debtor, if any relating to the Purchased Assets, and whether imposed by agreement, understanding, law, equity, or otherwise (except as

7

otherwise provided in the Sale Motion, or this Sale  Order), which Encumbrances on the Purchased Assets, if any, shall attach to the proceeds of the sale.

7.      The Encumbrance Parties shall be, and hereby are, barred from asserting such Encumbrance against the Buyer, its successors and assigns, or the Purchased Assets.

8.      All entities that are in possession of some or all of the Purchased Assets on the closing date are directed to surrender possession of such Purchased Assets to the Buyer on the closing date.  All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Purchased Assets to the Buyer in accordance with the terms of the Sale Motion and this Order.

9.      The Encumbrance Parties are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against the Buyer (including its successors or assigns) or the Purchased Assets with respect to any (a) lien, claim or encumbrance arising under, out of, in connection with or in any way relating to the Trustee or Debtor's Estate, the Purchased Assets, or the utilization of the Purchased Assets prior to the closing of the asset sale, or (b) successor liability.

10.      The consummation of the Sale Motion shall not subject the Buyer to any liability whatsoever with respect to the prepetition or postpetition operation of the Businesses in any form or manner whatsoever, including, without limitation, by reason of any theory of successor or transferee liability, *de facto* merger, or substantial continuity, whether known or unknown and whether asserted or unasserted as of the closing.

11.      The Trustee is hereby authorized, empowered, and directed, and, upon entry of this Order, shall have all the authority necessary, to perform such ministerial acts as may be

8

required to effectuate and implement the APA as modified, and any transaction contemplated thereby.

12.     All of the transactions and actions contemplated by this Order are properly authorized under section 363 of the Bankruptcy Code.

13.     The transactions contemplated by the APA as modified are undertaken by the Buyer at arms' length, without collusions, and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the asset sale shall not affect the validity of the sale to the Buyer, unless such authorization is duly stayed pending such appeal.  The Buyer is a good-faith purchaser and is entitled to all of the protections afforded by sections 363(m) and (n) of the Bankruptcy Code.

14.     The terms and provisions of the Sale Motion, as modified by this order, and this order shall be binding in all respects upon, and shall inure to the benefit of the Buyer and the successors and assigns of each of the foregoing, and any affected third parties.

15.     The automatic stay pursuant to Section 362 is hereby lifted, without further order of this Court, to (i) allow the Buyer to deliver any notice provided for in the Sale Motion and (ii) allow the Buyer to take any and all actions permitted under the APA, as modified, in accordance with the terms and conditions thereof.

16.     The failure specifically to include or refer to any particular provision of the APA, as modified, in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Sale Motion be authorized and approved in its entirety.

9

17.      Nothing contained in any order of any type or kind entered in the chapter 7 case, shall conflict with or derogate from the provisions of the Sale Motion, as modified by this order, or the terms of this order.

18.      The APA, as modified, and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Trustee and the Buyer, and in accordance with the terms of the Sale Motion, without further order of the Court, *provided that* any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate or does not violate the terms of this order.

19.      Notwithstanding the applicability of Bankruptcy Rules 6004(h), 6006(d), and 7062, as applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

20.      This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order and the Sale Motion (including all ancillary documents executed in connection therewith, if any). The foregoing shall include, but not be limited to, retaining exclusive jurisdiction (a) to resolve any disputes arising under or related to the Sale Motion or between the Trustee and the Buyer; (b) to protect the Buyer, or the Purchased Assets, from and against any lien, claim or encumbrances; and (c) to interpret, implement, and enforce the provisions of this Order.

Dated: June __, 2026

                                    _____

                                    JANET E. BOSTWICK
                                    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

(Joinder and Consent Agreement)

4774823.5

Docusign Envelope ID: F4TAD169-329F-8526-8161-018A893189692

**NOTE: SBC Energy deleted from this one**

## JOINDER AND CONSENT AGREEMENT

THIS JOINDER AND CONSENT AGREEMENT (this "Agreement") is made as of June ___, 30 , 2026, by and among YC Southbridge LLC, a Delaware limited liability company (the "Purchaser"), Gary W. Cruickshank, Chapter 7 Trustee in bankruptcy of Charles Norton, Case No. 25-11271 (JEB) (the "Seller"), Charles F. Norton, Jr. (the "Debtor"), Thomas Doherty (the "Existing Member"), and each of the limited liability companies list on Schedule A attached hereto (each is referred to the "Company", and collectively as the "Companies").

### RECITALS

WHEREAS, Seller is the Chapter 7 Trustee (the "Trustee") in the bankruptcy of the Debtor and, as such, holds title to the Debtor's membership interests and related member rights in each Company (referred to herein as a "Debtor's Membership Interest") and in other in entities in which Purchaser has made an offer pursuant to the (APA as defined below) and which the Trustee has accepted, subject to bankruptcy court approval (the "Court Approval"). The "APA" means that certain Asset Purchase Agreement, dated as of March 6, 2026, by and among Lundgren Equity Partners LLC, a Massachusetts limited liability company and any assigns thereof (such assignee for this Agreement is the Purchaser), and Seller;

WHEREAS, Debtor is a member of each of the Companies and the Existing Member is a member of each of the Companies (the "Membership Interests"), and the Debtor's percentage interest with respect to the Debtor's Membership Interests is set forth Schedule A (the "Percentage Interests");

WHEREAS, Debtor is the sole manager of each of Company;

WHEREAS, upon Court Approval and consummation of the transfer of Debtor's Membership Interests and related Percentage Interests per the terms of the APA, all of the Debtor's Membership Interests and all related rights with respect to each Company shall be owned by the Purchaser (the "Effective Date"); and

WHEREAS, as the Effective Date the Purchaser shall become a Member of each Company and shall become the legal manager (the "Manager") of each Company replacing the Debtor as Manager of each Company as set forth herein;

WHEREAS, as the Effective Date the Purchaser shall become a party to the operating agreement of each Company as a member and as the sole Manager of each Company as set forth herein;

WHEREAS, the Debtor and the Existing Member with respect to each Company are parties, as members (and in the case of the Debtor also as the Manager), to the Limited Liability Company Operating Agreement of the applicable Company, as amended in some cases, (each is

1

referred to herein as a "LLC Agreement" and collectively the "LLC Agreements"). True, complete, and correct copies of the LLC Agreements have been provided by the Debtor to the Purchaser and the Seller.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Company, the Assignor and the Assignee hereby agree as follows:

1. <u>Incorporation of Recitals</u>. The parties hereto agree and acknowledge that the Recitals set forth above are true and correct and are hereby incorporated into to the body of this Agreement for all purposes.

2. <u>Transfer of Debtor's Membership Interest</u>. The parties hereto agree and acknowledge that upon the Effective Date the Debtor's Membership Interest and all related rights and interests, including the Percentage Interests in each Company shall be deemed for any and all purposes transferred by Seller and Debtor to Purchaser (the "Transferred Membership Interest").

3. <u>Admission of Purchaser as a Member</u>. The parties hereto agree and acknowledge that with respect to each Company upon the Effective Date the Purchaser has been admitted and is a Member of such Company (notwithstanding any restrictions or requirements set forth in such Company's LLC Agreement, under applicable limited liability law or other law, or otherwise); and the Purchaser as a Member of such Company as of the Effective Date holds any and all membership interests and related rights previously held by the Debtor via its acquisition of the Transferred Membership Interest in such Company. With respect to each Company, the Purchaser shall have all of the rights, benefits and obligations of a Member as provided in the applicable LLC Agreement and shall become a signatory thereto.

4. <u>Purchaser as the Manager</u>. The Debtor, Existing Member, and Purchaser hereto agree and acknowledge that with respect to each Company and upon the Effective Date (a) the Debtor and the Existing Member, if applicable, are each removed as Managers, (b) the Purchaser shall become the sole Manager of each Company (notwithstanding any restrictions or requirements set forth in such Company's LLC Agreement, under applicable limited liability law or other law, or otherwise).

5. <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and assigns.

6. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same agreement.

2

Docusign Envelope ID: F41AD169-329F-8526-8161-018A8931B692

7.    <u>Governing Law</u>. This Agreement and the rights of the parties hereunder shall be governed by and interpreted in accordance with the laws of Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the first date above written.

**PURCHASER:**

YC SOUTHBRIDGE LLC

By: _____

Name: Tyler Alten

Title: Authorized Representative

**SELLER:**

GARY W. CRUICKSHANK, CHAPTER 7 TRUSTEE, CHARLES NORTON

By: _____

Name: Gary W. Cruickshank, Esq.

**DEBTOR and MANAGER OF EACH COMPANY:**

_____

CHARLES F. NORTON, JR.

**EXISITING MEMBER:**

Signed by:

_____

THOMAS DOHERTY

**EACH COMPANY:**

Franklin Advisors Southbridge II, LLC
Southbridge Housing LLC
Southbridge Housing II, LLC
Southbridge Investments LLC
Franklin Advisors Southbridge LLC
Franklin Realty Advisors LLC

By: _____

Name:  Charles F. Norton, Jr.

Title:  Manager of each Company

**Schedule A  - The Companies**

3

Docusign Envelope ID: F41AD169-329F-8526-8161-018A89318692

Franklin Advisors Southbridge II, LLC 98% percentage interest/Debtor's Membership Interest

Southbridge Housing LLC   99% percentage interest

Southbridge Housing II, LLC 99% percentage interest/Debtor's Membership Interest

Southbridge Investments LLC 99% percentage interest/Debtor's Membership Interest

Franklin Advisors Southbridge LLC 98% percentage interest/Debtor's Membership Interest

Franklin Realty Advisors LLC 98% percentage interest/Debtor's Membership Interest

4817226.3

4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>CHARLES NORTON,<br><br>              Debtor. | Chapter 7<br><br>Case No. 25-11271(JEB) |

## <u>CERTIFICATE OF SERVICE</u>

I, Gary W. Cruickshank, Chapter 7 Trustee, hereby certify that I caused to be served on

July 2, 2026 a true and accurate copy of the **Notice of Proposed Order Approving Intended**

**Private Sale** by electronic notification (EN) or e-mail (**E-Mail**) where indicated, to the

individuals listed below:

Office of the U.S. Trustee
Eric Bradford, Esq.
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV; Eric.K.Bradford@USDOJ.gov (EN)

Alan L. Braunstein, Esq.
Dennis E. McKenna, Esq.
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, MA 02114
abraunstein@riemerlaw.com; dmckenna@riemerlaw.com  (EN)
(*Counsel to 15 Wells Street, LLC*)

Bill N. Jacob, Esq.
Rosenberg & Weinberg
805 Turnpike Street, Ste 201
North Andover, MA 01845
bnjlaw@hotmail.com; jacob.billr99919@notify.bestcase.com (EN)
(*Counsel to Charles Norton*)

Herbert Weinberg, Esq.
Rosenberg & Weinberg
805 Turnpike St., Suite. 201
North Andover, MA 01845
hweinberg@jrhwlaw.com; weinberghr70490@notify.bestcase.com; rprizio@jrhwlaw.com;
bmessina@jrhwlaw.com (EN)
(*Counsel to Charles Norton*)

Paul W. Carey, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP.
100 Front St.
Worcester, MA 01608
pcarey@miricklaw.com; bankrupt@mirickoconnell.com (EN)
(*Counsel to Cornerstone Bank*)

Shannah L. Colbert, Esq.
Mirick O'Connell
1800 West Park Drive, 4th Floor
Westborough, MA 01581
scolbert@miricklaw.com; afogg@miricklaw.com (EN)
(*Counsel to Cornerstone Bank*)

Bodie B. Colwell, Esq.
Preti, Flaherty, Beliveau & Pachios, LLC
One City Center
P.O. Box 9546
Portland, ME 04112
BColwell@preti.com; sbarrington@preti.com (EN)
(*Counsel to Lauring Enterprises, LLC and DMC Lauring, LLC*)

Nicholas A Dube, Esq.
Preti Flaherty Beliveau & Pachios, PLLP
PO Box 1318
57 North Main Street
Concord, NH 03302-1318
ndube@preti.com (EN)
(*Counsel to Lauring Enterprises, LLC and DMC Lauring, LLC*)

Donald Ethan Jeffrey, Esq.
Conner B Verreaux, Esq.
Murphy & King, P.C.
28 State Street, Ste 3101
Boston, MA 02109
ejeffery@murphyking.com; cverreaux@murphyking.com, conner-verreaux-2737@ecf.pacerpro.com (EN)
(*Counsel to Worcester Business Center, LLC)*

Jacob C. Jones, Esq.
Snell & Wilmer L.L.P.
One East Washington Street, Suite 2700
Phoenix, AZ 85004
jcjones@swlaw.com, smitchell@swlaw.com; docket@swlaw.com (EN)
(*Counsel to Ferrari Financial Services, LLC*)

2

Mark W. Powers, Esq.
George W. Tetler, III, Esq.
Prince Lobel Tye LLP
One Mercantile Street, Suite 220
Worcester, MA 01608
mpowers@princelobel.com, norourke@princelobel.com; gtetler@princelobel.com,
ctibbetts@princelobel.com (EN)
(*Counsel to Webster Five Cents Savings Bank*)

Samuel Rowley, Esq.
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
srowley@seyfarth.com; lirusso@seyfarth.com; bosdocket@seyfarth.com (EN)
(*Counsel to Rockland Trust Company*)

Tani E. Sapirstein, Esq.
Sapirstein & Sapirstein P.C.
1500 Main Street, Suite 2504
P O Box 15408
Springfield, MA 01115
tani@sandslaw.com (EN)
(*Counsel to Savers Cooperative Bank*)

Ryan C. Siden, Esq.
Siden & Associates, PC
20 Park Plaza, Suite 505
Boston, MA 02116
rsiden@sidenlaw.com (EN)
(*Counsel to Jane Norton*)

Michael P Trainor, Esq.
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
mtrainor@blankrome.com (EN)
(*Counsel to Worcester Business Center*)

Anthony F. Giuliano, Esq,
Giuliano Law, P.C.
445 Broadhollow Road, Suite 25
Melville, NY 11747
afg@glpcny.com (E-Mail)
(*Counsel to DMKA a/k/a The Smarter Merchant*)

3

Thomas Doherty
tjd@refranklin.com  (EMAIL)


/s/ Gary W. Cruickshank

Gary W. Cruickshank, Trustee
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 330-1960
gwc@cruickshank-law.com


4833036.1

4