**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>CHARLES NORTON,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-11271 (JEB) |

# ORDER APPROVING INTENDED PRIVATE SALE OF MEMBERSHIP INTERESTS OWNED BY THE DEBTOR IN SBC ENERGY

This matter came before the Court on the Motion of Chapter 7 Trustee for Order Authorizing and Approving Intended Private Sale of Membership Interest in SBC Energy, LLC, Owned by the Debtor ("**Motion**") filed by Gary W. Cruickshank, Trustee ("**Trustee**"). As set forth in the Motion, the Trustee sought authority to sell the Debtor's membership interests ("**Membership Interests**") in SBC Energy, LLC ("SBC") held by the Debtor to 15 Wells, LLC ("**Wells**"). Subject to objections and counteroffers, Wells proposed to purchase the Membership Interests for the purchase price of $10,000.00 on the terms of the agreement attached as Exhibit A to the Sale Motion ("**Agreement**"). Pursuant to Section 363 of the Code, the Trustee sought to sell the Membership Interests free and clear of all liens, claims, and encumbrances.

The Trustee requested that the Court consider the Motion on an expedited basis. The Court granted the request and provided that objections and counteroffers could be raised at the hearing. Due notice of the Motion and Notice of Sale was given.

The Court held a hearing on the Motion on September 9, 2026, ("**Sale Hearing**"). At the Sale Hearing, CBS-FS, LLC, ("**CBS-FS**") raised an objection to certain proposed terms of the sale. No other objections were filed or raised. No counteroffers were filed or raised at the hearing.

After further discussions, at the hearing, the parties reported that the objection of CBS-FS was resolved as provided in this Order. In particular, the Trustee withdrew the requests for relief

in the Motion set forth in paragraph 13(viii) and 13(ix). The Motion as modified on the record shall be referred to as the "Sale Motion." In addition, at the hearing, the Trustee and Wells made an offer of proof of the good faith of Wells.

Having considered the Sale Motion as modified on the record, the Agreement, the offer of proof, the arguments of counsel at the Sale Hearing, and the record of these proceedings of which the Court takes judicial notice, good cause being shown

**IT IS FOUND THAT:**

A. This Court, pursuant to 28 U.S.C. § 1334, has jurisdiction over the assets of the Debtor's estate. The Sale Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Wells ("**Purchaser**") is the successful bidder with respect to the sale of the Debtor's membership interests ("**Purchased Assets**") pursuant to the Sale Motion for the aggregate sum of $10,000.00 ("**Purchase Price**").

C. The Trustee provided notice of the Sale Motion and served the Sale Notice of intended Private Sale [Doc. No. 364] on all creditors of the Debtor. The Purchase Price represents and constitutes the highest and best offer obtainable for the Membership Interests, and constitutes reasonably equivalent value, fair consideration and fair value under the Bankruptcy Code and any applicable nonbankruptcy laws. The Trustee's determination that the Purchase Price constitutes the highest and best offer for the Purchased Assets and constitutes a valid and sound exercise of the Trustee's business judgment.

D. The Trustee has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Membership Interests pursuant to Section 363 of the Bankruptcy Code.

E. The Sale Motion must be approved promptly in order to preserve the value of the Membership Interests. The Sale Motion presents the best opportunity to realize the value of the Membership Interests and avoid further decline and devaluation of the Membership Interests.

F. The Purchaser has acted in good faith in this matter and is a good faith purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code. The Trustee and the Purchaser have not engaged in any conduct that would cause or permit the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code). Any designee or assignee of the Purchaser that is an entity wholly owned by the Purchaser shall be deemed a good faith purchaser entitled to all of the protections afforded by Section 363(m).

G. With respect to any and all Persons (as that term is defined in section 101(41) of the Bankruptcy Code), Governmental Units (as that term is defined in section 101(27) of the Bankruptcy Code), or entities asserting any encumbrance against the Membership Interests on account of claims against the Debtor (collectively, "**Encumbrance Parties**"), (i) applicable non-bankruptcy law permits sale of Membership Interests free and clear of such Encumbrance Parties; (ii) each of the Encumbrance Parties have deemed to have consented to the sale and transfer as applicable, free and clear of its Encumbrance, with such lien or interest of the Encumbrance Parties to attach to the sale proceeds, subject to any claims and defenses the Trustee may possess with respect thereto; or (iii) the Encumbrance Parties could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such lien so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied. The objection of CBS-FS has been resolved as provided in this Order and reported at the hearing. None of the

other Encumbrance Parties on the Membership Interests, if any, filed or raised any objection to the Sale Motion and such Encumbrance Parties are deemed to have consented to the Sale Motion pertaining to the Purchased Assets pursuant to section 363(f)(2) of the Bankruptcy Code. The Encumbrance Parties fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and, therefore, are adequately protected by having their liens on the Membership Interests attach solely to the proceeds of the sale transaction ultimately attributable to the sale of the Membership Interests in which such holders have a Lien, in the same order of priority, and with the same validity, force and effect that such Liens had prior to the consummation of the sale transaction, subject to any rights, claims or defenses of the Trustee and the Debtor's estate.

H. The Trustee has full power and authority to execute and deliver the Membership Interests and all other documents contemplated thereby, and no further consents or approvals are required for the Trustee to consummate the transactions contemplated by the Sale Motion, as modified. The transfer of the Membership Interests to the Purchaser will be as of the closing date as to the Membership Interests a legal, valid, and effective transfer of such assets, and shall vest the Purchaser with all right and title to the Membership Interests free and clear of all liens and encumbrances of the Encumbrance Parties against Debtor or the Membership Interests of the Debtor. The foregoing is not intended to affect any claims, encumbrances or liens against SBC directly, including the claims of CBS-FS against SBC.

I. Under all the circumstances presented (i) all actions contemplated in the Sale Motion (ii) consummation of all acts contemplated in this Order, (iii) the transfer of the Membership Interests by the Trustee to the Purchaser, and (iv) the receipt by the Trustee of the Purchase Price are all in the best interests of the Debtor's estate, and its creditors.

J. Proper, sufficient, and sound business reasons and other good cause for the entry of this Order have been shown.

K. The Trustee has given due and proper notice of the proposed sale of the Membership Interests to all parties required to receive notice as set forth in the Sale Motion. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Membership Interests, has been afforded to all interested parties and entities.

L. The consummation of the transactions contemplated by the Sale Motion shall not subject the Purchaser to any liability for any claims based on acts or transactions by the Debtor prior to the sale that (i) the membership interest of SBC should be substantively consolidated with the Debtor or another entity, (ii) the corporate veil of SBC should be pierced or disregarded, or (iii) to the extent SBC may have been dissolved prior to the sale, that the Purchaser is liable for any prepetition or post-petition operation or management of the business of SBC by the Debtor, or the acquisition of the Membership Interest of SBC is a continuation of the business of SBC.

M. The Purchaser's acquisition of the Membership Interests shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the closing date based on the Debtor's management or operation of the business of SBC.

N. In order to maximize the value of the Membership Interests, it is essential that the sale of the Membership Interests occur as expeditiously as possible. Accordingly, the Court finds that there is cause to waive the stay imposed by Bankruptcy Rules 6004(h). This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

**IT IS THEREFORE ORDERED THAT:**

1. The Sale Motion is granted as provided in this Order. Any objections not withdrawn or resolved by this Order are overruled.

2. After closing, the Trustee shall cooperate with and make available or instruct the Debtor to make available to the Purchaser all books, records and other materials as may exist and be reasonably required regarding the Membership Interests.

3. The Trustee is authorized, empowered, directed and, upon entry of this Order, has all the power and authority necessary to:

a. Fully perform under, consummate, implement, execute, and consummate the transaction contemplated by the Sale Motion and this Order;

b. Transfer the Membership Interests to the Purchaser and to execute and deliver or instruct the Debtor to deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Membership Interests to the Purchaser; and

c. Receive the consideration described in the Sale Motion from the Purchaser and take any action necessary to effectuate the receipt of such consideration.

4. No other or further consents or approvals of this Court are required for the Trustee to consummate or effectuate (i) the Sale Motion (ii) the transfer of the Membership Interests; and (iii) the receipt of consideration from the Purchaser.

5. The transfer of the Membership Interests to the Purchaser will be as of the closing date constitute a legal, valid, and effective transfer of the Membership Interests and shall vest the Purchaser with all right and title to the Membership Interests. Pursuant to section 363(f) of the Bankruptcy Code, the Membership Interests shall be transferred to the Purchaser, and, upon the closing under the Sale Motion and by this Order, shall be free and clear of any and all items, claims and encumbrances of any kind or nature ("**Encumbrances**"), liabilities, and interests, including, without limitation, all claims against the Debtor's estate, if any, relating to the Membership Interests, and whether imposed by agreement, understanding, law, equity, or

otherwise (except as otherwise provided in the Sale Motion and this Order), which Encumbrances on the Membership Interests, if any, shall attach to the proceeds of the sale.

6. The Encumbrance Parties shall be, and hereby are, barred from asserting such Encumbrance against the Purchaser, its successors and assigns, or the Purchased Assets.

7. All entities that are in possession of some or all of the Purchased Assets on the closing date are directed to surrender possession of such Purchased Assets to the Purchaser on the closing date. All entities are prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Sale Motion and this Order.

8. The Encumbrance Parties are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against the Purchaser (including its successors or assigns) or the Membership Interests with respect to any (a) lien, claim or encumbrance arising under, out of, in connection with or in any way relating to the Trustee or Debtor's Estate, the Membership Interests, or the utilization of the Membership Interests prior to the closing of the sale, or (b) successor liability.

9. The Trustee is authorized, empowered, and directed, and, upon entry of this Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement this Order any transaction contemplated thereby.

10. The transaction and actions contemplated by this Order are properly authorized under Section 363 of the Bankruptcy Code.

11. The transaction contemplated by the Sale Motion are undertaken by the Purchaser at arms' length, without collusions, and in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the

authorization provided herein to consummate the asset sale shall not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a good-faith purchaser and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. Any nominee of the Purchaser that is a wholly owned entity of the Purchaser shall be deemed a good-faith purchaser entitled to the protection of Section 363(m) of the Code.

12. The Sale Order shall be binding in all respects upon the Trustee, the Purchaser, the Debtor, the Debtor's estate, the estate's creditors, and all parties in interest, including any and all successors and assigns.

13. This Order shall govern with regard to any discrepancy between the Order and the Sale Motion.

14. This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order and the Sale Motion. The Court retains jurisdiction over other matters related to the Sale Motion, but not be limited to (a) resolve any disputes between the Trustee and the Purchaser; and (b) to the extent permitted under applicable law, to protect the Purchaser, or the Membership Interests, from and against any lien, claim or encumbrances or successor liability.

15. For good cause shown, the stay provisions of Bankruptcy Rule 6004(h) are waived. This Order shall be immediately effective and enforceable upon its entry by the Court.

Dated: September 11, 2026

Janet E. Bostwick

JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE